IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:                                                    CHAPTER 13

RACHEL COBURN JOHNSEN                  CASE: 17-21504 TBM

DEBTOR

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

The Standing Chapter 13 Trustee hereby files his Objection to Confirmation of the proposed chapter 13 Plan and states:

1. The Debtor's Plan Analysis in Part 3 does not mathematically add up; it fails to include the state income tax listed. The plan payment is not sufficient to pay all claims within sixty (60) months. 11 U.S.C. §§ 1322(a)(2), 1322(d).

2. In Part 13 of the Plan, Debtor proposes to pay 103% of all properly filed proofs of claim, while the Plan Analysis lists paying $0.00 to the Class 4 debts. Debtor schedules $53,413.88 in general unsecured debt and a plan payment of $479.00 per month. The proposed plan is not feasible, is internally inconsistent, and will exceed the sixty (60) month term limitation. 11 U.S.C. §§ 1322(d), 1325(a)(6).

3. Debtor should timely provide proof of her $5,840.00 per month DSO income and $2,650.00 per month dissolution equalization payment income to the Chapter 13 Trustee. 11 U.S.C. §§ 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007. Pursuant to Debtor's testimony, $5,300.00 of this income will expire in three (3) years and the $3,190.00 will expire in four (4) years. 11 U.S.C. § 1325(a)(6).

4. The Debtor's Plan and Schedules fail to fully disclose information regarding the individual Domestic Support Obligation holder. The Debtor must provide the Chapter 13 Trustee with the name, address and telephone number for said individual. 11 U.S.C. § 1302(d)(1)(A)(ii).

5. The Trustee requests proof that Debtor has made all required domestic support obligation payments prior to confirmation. 11 U.S.C. §§ 1307(c)(11), 1325(a)(6) and 1325(a)(8).

6. The Chapter 13 schedules and plan fail to include a debt owed to Startech Credit Union for an interest in a secured vehicle, in violation of Bankruptcy Rule 1007(a)(1) and 11 U.S.C. §§ 1325(a)(3) and 1325(a)(5).

7. Should Debtor propose to not pay the general unsecured debts in full, Trustee objects to the retention and $479.00 per month payment for a vehicle used by Debtor's minor child. 11 U.S.C. §§ 1325(a)(3), 1325(b).

8.  The Debtor has failed to properly schedule and notify Washington Trust Bank, for an unsecured debt, in violation of 11 U.S.C. § 342 and the Federal Rules of Bankruptcy Procedure Rule 1007. The Debtor's Schedules and mailing matrix should be amended to include the creditor's complete address, and Debtor should provide proof that the creditor has been served.

9.  Debtor elects an exemption of $75,000.00 on Schedules C for the real property located at 6182 Eldora Street, Golden Colorado, but indicates an exemption of $105,000.00 that same real property in Part 3.2(B)(1) of the proposed Chapter 13 Plan. These exemptions should be reconciled and the proper exemption should be elected in accordance with C.R.S. § 34-41-201(1).

10. Debtor has indicated in Part 3 of her Petition and Part 11 of her Statement of Financial Affairs that she owns a business. The Statement of Financial Affairs is incomplete in disclosing this business. Debtor testified that said business earned $5,000.00 last year and is currently not generating any income, but still exists. Rule 1007(b)(1)(D) and 11 U.S.C. § 521(a)(1)(B)(iii).

11. According to the Statement of Financial Affairs, Debtor transferred funds to National Debt Relief. Part 3 states that the transfer was in the amount of $6,220.00 but Part 7 states the transfer was in the amount of $620.00. The Trustee requests documentation supporting the specific amount of the transfer, including bank account statements or other proof of payment. The Trustee also requests a statement from the Debtor showing the justification for and purpose of the transfer and complete contact information for the transferee, so that the Trustee can determine whether the transfer is voidable under 11 U.S.C. §§ 546, 548 and whether the Plan was proposed in good faith pursuant to 11 U.S.C. § 1325(a)(3).

12. Trustee objections to the following Form 122C-2 deductions: Lines 13c and 13f with a total of $970.00 for two (2) vehicles without accounting for any payments. As noted below, there is incomplete disclosure on two (2) vehicles. The method of deduction may violate *Ransom v. FIA Card Services, N.A.*, 131 S.Ct. 716 (2011). Line 22 for additional health care expenses in the amount of $320.00; Debtor should provide proof of the need for a further deduction in addition to the National Standards. Line 35 for priority tax debt in the amount of $71.50; the creditor filed a priority claim for less than scheduled. 11 U.S.C. §§ 1325(b), 707(b).

13. The Chapter 13 Plan appears to fail to treat debts related to two vehicles, as Debtor's Schedule J includes monthly payments for two vehicles but the Plan and Schedules fail to disclose either vehicle and the Statement of Financial Affairs does not indicate that the Debtor is holding or controlling property that someone else owns. 11 U.S.C. §§ 521(a), 1325(a)(3), and 1325(a)(5).

14. The Debtor's proposals to pay $200.00 for pet care and $309 for miscellaneous may be excessive and/or unnecessary for the maintenance or support of the Debtor or dependents

      where Debtor proposes a plan payment of $479.00 per month. 11 U.S.C. §§ 1325(a)(3) and 1325(b)(2)(A).

15. The Trustee reserves the right to report on the payment history at any confirmation hearing.

      WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

      February 1, 2018

      Respectfully submitted,

      s/Adam M. Goodman
      Adam M. Goodman
      Standing Chapter 13 Trustee
      P.O. Box 1169
      Denver, CO  80201-1169
      (303) 830-1971
      FAX (303) 830-1973
      agoodman@ch13colorado.com

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above Objection to Confirmation was placed in the U.S. Mail, postage prepaid or delivered electronically via CM/ECF, on <u>February 1, 2018</u> addressed as follows:

RACHEL COBURN JOHNSEN
6182 ELDORA ST
GOLDEN, CO 80403-2205


BERUMEN LAW FIRM
VIA CM/ECF


\s\ kmp
Chapter 13 Trustee Staff Member