IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| RACHEL COBURN JOHNSEN | CASE: 17-21504 TBM |
| DEBTOR | |

CHAPTER 13 TRUSTEE'S OBJECTIONS TO DEBTOR'S EXHIBITS

The Standing Chapter 13 Trustee Adam M. Goodman ("Trustee") hereby files his Objections to the Debtor's Exhibits, as set forth in her Witness and Exhibit list, filed at Docket #49, and in support of same, states the following:

1. Debtor filed her case on December 20, 2017. She has proposed one Chapter 13 Plan (Docket #2) and two Amended Chapter 13 Plans (Docket #26 and #34). The Chapter 13 Trustee has filed two Objections to Confirmation (Docket #20 and #29). The Trustee's continuing objections were restated in his Opposition to Motion to Continue (Docket #43).

2. This matter came before the Court for a hearing on confirmation of Debtor's Amended Chapter 13 Plan on April 18, 2018. At that hearing, the Court set this matter for an evidentiary hearing on, among other things, the Trustee's Objections to Confirmation. This matter is currently scheduled for an evidentiary hearing on Tuesday, June 26, 2018, at 9:30am.

3. The Court's Minute Order dated April 18, 2018, indicates that exhibits intended to be used by the parties at the evidentiary hearing should be exchanged no later than June 12, 2018.

4. Debtor filed a Witness and Exhibit List on June 12, 2018, indicating an intent to introduce eight exhibits at the evidentiary hearing. Debtor did not provide a copy of these exhibits to the Trustee by June 12, 2018. Undersigned counsel emailed counsel for Debtors on June 13, 2018, requesting copies of the exhibits, pursuant to the Court's Order. No response to this email was received.

5. The Trustee sent to Counsel for Debtor a Request for Production of Documents, Interrogatories, and Requests For Admission on May 1, 2018 ("Discovery Request"). The Debtor provided incomplete responses to the Discovery Request and did not respond to the Discovery Request within the 30-day response period. A copy of the Discovery Request and Debtor's Response thereto are attached hereto as Exhibits A and B, respectively.

6. The Trustee objects to the following exhibits listed in Debtor's Witness and Exhibit List, for the reasons set forth below:

    a. Exhibit 3, Medical Disability Documentation: The Trustee objects to this exhibit because it was not exchanged with Trustee by June 12, 2018, and was not provided to the Trustee in the Debtor's Response to the Trustee's Discovery Request. The Discovery Request specifically requested: "Any and all documentation to support the $105,000.00 exemption with respect to real property, as set forth in Part 3.2 of the Amended Chapter 13 Plan filed at Docket #26."

    b. Exhibit 4, Bank Statements: The Trustee does not object to the introduction of Debtor's bank statements for November, 2017 through April, 2018, Chase Account ending -0818, as these were provided to the Trustee in the Debtor's Response to the Trustee's Discovery Request. To the Extent that Debtor wishes to introduce any other bank statements, the Trustee objects, as the Discovery Request specifically requested (1) "Any and all checking and savings account statements for June, 2017, through April, 2018, for all accounts owned and/or utilized by Debtor or on which either Debtor's name appears as a co-owner" and (2) "Checking and savings account statements for June, 2017, through April, 2018, for all accounts owned and/or utilized by Rachel Coburn Johnson, International, LLC, or on which Rachel Coburn Johnson, International, LLC appears as a co-owner."

    c. Exhibit 5, Post filing Credit Card Statements: The Trustee objects to this exhibit because it was not exchanged with Trustee by June 12, 2018, and was not provided to the Trustee in the Debtor's Response to the Trustee's Discovery Request. The Discovery Request specifically requested: (1) "Any and all credit card account statements for June, 2017, through April, 2018, for all credit card accounts owned and/or utilized by Debtor or on which either Debtor's names appear as a co-owner;" and (2) "Credit card account statements for June, 2017, through April, 2018, for all accounts owned and/or utilized by Rachel Coburn Johnson, International, LLC, or on which Rachel Coburn Johnson, International, LLC appears as a co-owner."

    d. Exhibit 6, Car Loan Information for 2017 Jeep: The Trustee objects to this exhibit because it was not exchanged with Trustee by June 12, 2018.

    e. Exhibit 7, Profit and Loss for 2018: The Trustee objects to this exhibit because it was not exchanged with Trustee by June 12, 2018, and was not provided to the Trustee in the Debtor's Response to the Trustee's Discovery Request. The Discovery Request specifically requested: (1) "Any and all documentation of business income and expenses for Rachel Coburn Johnson, International, LLC, as set forth in Part 11, Question 27 of the Statement of Financial Affairs;" and (2) "Filed 2017 Federal and State income tax returns for Rachel Coburn Johnson, International, LLC, as set forth in Part 11, Question 27 of the Statement of Financial Affairs."

7. The Trustee does not object to the following exhibits, for the reasons set forth below:

    a. Exhibit 1, 2017 Federal Taxes. The Trustee does not object to the introduction of this exhibit, as a copy was provided to the Trustee in the Debtor's Response to the Trustee's Discovery Request.

    b. Exhibit 2, Divorce Decree. The Trustee does not object to the introduction of this exhibit, as a copy was provided to the Trustee in the Debtor's Response to the Trustee's Discovery Request.

    c. Exhibit 4, Bank Statements: The Trustee does not object to the introduction of Debtor's bank statements for November, 2017 through April, 2018, Chase Account ending -0818, as these were provided to the Trustee in the Debtor's Response to the Trustee's Discovery Request. To the Extent that Debtor wishes to introduce any other bank statements, the Trustee objects, as the Discovery Request specifically requested (1) "Any and all checking and savings account statements for June, 2017, through April, 2018, for all accounts owned and/or utilized by Debtor or on which either Debtor's name appears as a co-owner" and (2) "Checking and savings account statements for June, 2017, through April, 2018, for all accounts owned and/or utilized by Rachel Coburn Johnson, International, LLC, or on which Rachel Coburn Johnson, International, LLC appears as a co-owner."

    d. Exhibit 8, All Documents Filed by the Debtor in this case: The Trustee does not object to the introduction of documents in the case record.

8. Bankruptcy Rule 7026 applies in contested matters, and Rule 7026(a)(3) applies in this contested matter because the Court specifically directed the parties to disclose their witnesses and exhibits to the other side by a certain date prior to the scheduled confirmation hearing, which is an evidentiary hearing. See Fed.R.Bank.P. 9014(c); L.B.R. 9070-1.

9. Pursuant to Fed.R.Civ.P. 37(c), in the event a party fails to provide information or identify a witness as required by Fed.R.Civ.P.26(a), the party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1), Fed.R.Bankr.P. 7037.

10. "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir.1999). In making such a determination, the Court must weigh the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002), cert. denied, *Deseret Book Co. v. Jacobsen*, 537 U.S. 1066 (2002).

11. Debtor provided an incomplete and untimely response to the Trustee's Discovery Request and failed to exchange her exhibits with Trustee by the Court's stated deadline of June 12, 2018. Debtor has shown no hardship or excusable neglect that would justify the failure to disclose exhibits in a timely manner as established by the Court. Debtor's failure to comply with the timely disclosure of these exhibits as ordered by the Court is neither substantially justified

nor harmless.  As such, Debtor should be prevented from introducing Exhibits 3, 4 (limited objection), 5, 6, and 7 at the evidentiary hearing scheduled for June 26, 2018.

      WHEREFORE, the Standing Chapter 13 Trustee respectfully states the foregoing objections to the Debtor's Exhibits and asks the Court to enter an Order disallowing Exhibits 3, 4 (limited objection), 5, 6, and 7.

      June 18, 2018

Respectfully submitted,

s/ Jennifer Cruseturner
Jennifer Cruseturner, #44452
Attorney for Adam M. Goodman
Standing Chapter 13 Trustee
P.O. Box 1169
Denver, CO  80201-1169
Phone (303) 830-1971
Fax (303) 830-1973
jcruseturner@ch13colorado.com

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above Objection to Confirmation was placed in the U.S. Mail, postage prepaid or delivered electronically via ECF, on <u>June 18, 2018</u> addressed as follows:

RACHEL COBURN JOHNSEN
6182 ELDORA ST
GOLDEN, CO 80403-2205

BERUMEN LAW FIRM
VIA CM/ECF

\s\_jkc\_\_\_\_
Chapter 13 Trustee Staff Member